UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL DOYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:15-cv-00227-JAW |
| | ) |
| TOWN OF SCARBOROUGH, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR
EMERGENCY INJUNCTIVE RELIEF**

In this action, Plaintiff Michael Doyle, proceeding *pro se*, alleges that Defendant Town of Scarborough's "decorum" policy governing public comment at town council meetings is overbroad and has been misapplied to him, in violation of the First Amendment.

On June 15, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff has not filed a return of service. The matter is before the Court on Plaintiff's emergency motion for injunctive relief. (Motion for Emergency Injunctive Relief, ECF No. 6).[1]

Although Plaintiff certified in his motion that he forwarded a copy of the motion to Marc Franco, the "attorney of record" for Defendants, the record does not include the entry of appearance by Attorney Franco, or any other attorney for Defendants. Plaintiff's motion, therefore, is arguably a motion for emergency injunctive relief without notice to Defendants. To obtain emergency injunctive relief without notice to Defendants, Plaintiff must "clearly show [through an affidavit or verified complaint] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b).[2] Plaintiff

---

[1] The Court referred the motion.

[2] Plaintiff's Motion for Emergency Injunctive Relief is construed as a Motion for Temporary Restraining Order pursuant to Fed. R. Civ. P. 65.

has not asserted by affidavit, or otherwise, that he will suffer an immediate and irreparable injury if Defendants are afforded the opportunity to be heard before the Court considers the motion. Plaintiff thus is not entitled to emergency injunctive relief without notice to Defendants.

Assuming, *arguendo*, that Plaintiff's certification that he mailed the motion to Attorney Franco constitutes adequate notice to Defendants, Plaintiff nevertheless is not entitled to emergency injunctive relief. To be entitled to emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir.2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008). Plaintiff has not filed any record evidence upon which the Court could make the findings necessary to order emergency injunctive relief. Indeed, Plaintiff's entire filing consists of the unsworn allegations in the complaint, which allegations do not satisfy Plaintiff's burden to prove through record evidence that he is entitled to emergency injunctive relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of June, 2015.