UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL DOYLE, )<br>      Plaintiff )<br>)<br>v. )<br>)<br>TOWN OF SCARBOROUGH )<br>)<br>      And )<br>)<br>MEMBERS OF THE TOWN COUNCIL, )<br>Individually )<br>)<br>      Defendants ) | Docket No. 2:15-CV -00227-JAW |

**DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS
THE PLAINTIFF'S COMPLAINT**

Michael Doyle seeks relief against the Town of Scarborough, the members of the Scarborough Town Council, the Scarborough Police Department and the Town Manager, Thomas Hall for an alleged infringement of his First Amendment right to free speech. It is Mr. Doyle's position that at the public phase of a town council meeting, a "speaker can say whatever he wants." ECF No. 21 at PageID#68. He contends that the Scarborough Town Council and the other named defendants violated his right to free speech when they allegedly curtailed his speech on two occasions by calling him out of order.

The First Amendment does not guarantee "the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc'y for Krishna Consciousness, Inc.*, 452 U.S. 640, 647, 101 S.Ct. 2559, 2564, 69 L. Ed. 2d 298 (1981). A town council may "restrict the time, place and manner of speech, as long as those restrictions are reasonable and serve the purpose for which the government created the limited public forum." *Galena v. Leone*, 638 F.3d 186, 1999 (3rd Cir. 2011). To the extent that the Council limited Mr.

1

Doyle's ability to speak, it did so in the interest of maintaining order and decorum at its meeting. Because the allegations in the Complaint, and the supplemental pleadings, fail to state a plausible claim for which relief may be granted, and because the Scarborough Police Department is not a proper party, the Defendants move to dismiss the supplemental claims against the Scarborough Police Department and the Town Manager Thomas Hall.

## Background

The Plaintiff moved to amend his complaint to provide the names of the individual members of the Town Council and to identify the Town of Scarborough Police Department and the Town Manager, Thomas Hall, as parties. In his motion to amend, the Plaintiff did not provide the Court with an amended complaint asserting new allegations against the named parties, nor did he raise any allegations of fact as to the newly named parties. ECF No. 22 and 22-1.

The Court granted the Plaintiff's motion, treating it as a motion to supplement the complaint to identify with greater specificity the individuals[1] referred to in the original complaint. The Court held that the original complaint would remain the operative pleading. ECF No. 23. Because the Plaintiff's supplemental pleading suggested claims against the Town Manager for the Town of Scarborough and the Scarborough Police Department, who were not

---

[1] All of the individuals that have been named by Michael Doyle in his complaint and his supplement to his complaint will be entitled to qualified immunity for their actions. An individual taking official action on behalf of a municipality is entitled to qualified immunity unless his conduct violates a plaintiff's constitutional rights and the law in effect was clearly established such that a reasonable official would have known that his conduct was unlawful. *Gomes v. Univ. of Me. Syst.*, 304 F. Supp. 2d 117, 123 (D. Me. 2004). In undertaking the analysis as to whether an individual is entitled to qualified immunity, the court must first analyze whether the facts as alleged demonstrate a violation of the First Amendment. *Dirrane v. Brookline Police Dep't*, 315 F.3d 65, 69 (1st Cir. 2002). The First Amendment precedent recognizes that limitations may be placed on an individual's right to speak at a meeting of the town council so that order and decorum may be maintained at council meetings. In this case, even when the allegations are construed in a manner most favorable to Mr. Doyle, they do not present a case in which any member of the town council or the Town Manager would have known that they were acting unconstitutionally, even if Mr. Doyle is able to demonstrate that the council violated his right to free speech. *Id.* at 70.

previously named in the original complaint, and because the Defendants had not addressed these parties in the context of their motion to dismiss, the Defendants asked for leave to supplement their original motion to dismiss with respect to these two newly named parties. ECF No. 24. The Court granted that request, ECF No. 25, and this motion follows.

Mr. Doyle's Complaint itself does not assert any claims against the Town Manager or the Scarborough Police Department, nor present any factual allegations against either of these two parties. ECF No. 1. To the extent that Mr. Doyle has asserted any claims against the Town Manager or the Scarborough Police Department, these allegations appear in Mr. Doyle's memoranda in opposition to the Defendants' motion to dismiss. In his original opposition, Mr. Doyle asserts that after the Chair of the Council called him out of order, the Town Manager "stood up and started to walk around [the Chair] towards Plaintiff as if to physically confront Plaintiff. Hall stopped after a few feet and directed a Scarborough police officer to escort Plaintiff from the Council Chamber and from the Town Hall." ECF No. 17 at PageID #53. Mr. Doyle states that this incident can be seen on the YouTube Link cited in the Complaint. *Id.*[2] He contends that Mr. Hall's actions constituted a violation of the law. *Id*. at PageID #54. He does not directly assert a claim against the Police Department other than that an officer was directed to escort him from the council chamber. *Id*. at PageID #53.

### Argument and Law

I. The Scarborough Police Department is not a proper party.

The capacity of an entity to be sued is determined by the law of the state where the action is located. Fed.R.Civ.P. 17(b)(3). Under Maine law, the residents of a municipality "are a body corporate which may sue and be sued." 30-A M.R.S. §2002. Entities like a police department

---

[2] From the YouTube link referenced by Mr. Doyle it is clear that Mr. Hall did not physically confront Mr. Doyle. At no time was he in close proximity to Mr. Doyle. He stood behind the entire council table at all times. His demeanor at all times was calm and respectful.

3

that are an integral part of a town lack a legal identity separate from the town and are not properly named as a defendant in a section 1983 action. *Cronin v. Town of Amesbury*, 895 F. Supp. 375, 383 (D. Ma. 1995). The Town of Scarborough, a named defendant in this action, is the proper defendant for purposes of any alleged acts and omissions of the Scarborough Police Department. *Vincent v. Town of Scarborough*, No. 03-239-P-H, 2003 U.S. Dist. LEXIS 20910, *93 (November 20, 2003).

In order to recover against the Town, as it concerns the police department, Mr. Doyle's complaint would need to assert that a policy of the police department caused the deprivation of Mr. Doyle's constitutional rights. *Monell v. City of New York Dept. of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L.Ed. 2d 611 (1978). Mr. Doyle's complaint does not contend that any policy by the Scarborough Police Department resulted in the alleged deprivation of his constitutional rights. As against the police department, he only asserts that an officer escorted him from the chambers. Therefore, he has failed to state a claim against the Town as it concerns the acts or omissions of the Scarborough Police Department.

    II.  <u>Plaintiff Michael Doyle fails to state a claim for relief against the Town Manager</u>.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim. *Bennett v Roark Capital Group, Inc*., 738 F. Supp. 2d 157, 158 (D. Me. 2010). In considering a motion to dismiss, the Court "must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor." *Id*. To survive a motion to dismiss, the complaint must contain sufficient factual matter, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, 1949. "A court

may not indulge an inference exposing the defendant to liability, however, while the factual allegations support a more likely inferential finding that is incompatible with liability." *Jones v. Town of Milo*, 09-cv-80-B-W, 2009 U.S. Dist. LEXIS 49311, *16 (June 5, 2009).

The plaintiff's obligation to provide the factual grounds for his entitlement to relief, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The factual allegations, while assumed to be true, must be sufficient to "raise a right to relief above the speculative level." *Id*. at 555, 1965. Moreover, the claim "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims." *Fantini v. Salem State College*, 557 F.3d 22, 26 (1st Cir. 2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

"The First Amendment to the United States Constitution provides that 'Congress shall make no law…abridging the freedom of speech….'" *Pollack. V. Reg'l Sch. Unit 75*, 12 F. Supp. 3d 173, 188 (D. Me. 2014)(*citing* U.S. Const. amend. I). That prohibition has been extended to the states through the Fourteenth Amendment. *Id*. An individual who has been deprived of a right secured by the Constitution may seek recovery pursuant to Section 1983. *Id*. Section 1983 imposes liability only upon those individuals who actually cause a deprivation of rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 682-83, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). Mr. Doyle's complaint asserts instead that actions of certain members of the council can essentially be imputed to the remaining council members and to the Town Manager.

The Town of Scarborough denies that any member of the Town Council acted improperly. As stated in the original motion to dismiss, Mr. Doyle's complaint fails to state a claim against any council member as any limitation imposed on Mr. Doyle's right to speak was

designed to further order and decorum at the council meeting. A town council has a right to impose restrictions on speech to allow a meeting to proceed in an orderly manner, *Zapach v. Dismuke*, 134 F. Supp.2d 682, 692 (E.D. Pa. 2001), and to limit speech that is disruptive of the council's proceedings. *Sandefur v. Village of Hanover Park*, 862 F.Supp. 2d 840, 847 (E.D. Ill. 2012). To the extent that any council member instructed Mr. Doyle that his speech was out of order, it was to further the council's purpose to allow the council meeting to proceed in an orderly fashion.

As it pertains to the claims against the Town Manager and the remaining councilors, to the extent that Mr. Doyle asserts a claim that one or two council members acted to limit his right to speech, those actions cannot be imputed to the other council members or to the Town Manager. A plaintiff must assert that it was the conduct of the individual defendant that actually deprived him of his constitutional rights. *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999).

Further, the Plaintiff cannot assert his claims against the collective council, including the Town Manager, based upon a theory that the collective body was required to act to protect Mr. Doyle's rights. Ordinarily, a government official is not liable for failing to prevent another from violating an individual's constitutional rights unless that official is charged with an affirmative duty to act. *Musso v. Hourigan*, 836 F.2d 736, 745 (2d Cir. 1988). That duty may arise, for example, in situations where the individual is in the custody of the municipal body. *See, Doe v. New York City Dep't of Social Servs.*, 649 F.2d 134, 141 (2nd Cir. 1981). No special duty, however, was created under the facts alleged in Mr. Doyle's complaint and he has pointed to no authority which supports his theory that council members had a duty to intervene to protect the alleged deprivation of his constitutional right to free speech.

For the foregoing reasons, and for the reasons set forth in the original motion to dismiss, it is respectfully submitted that the Court dismiss the Complaint against the Town of Scarborough, the Scarborough Police Department, the Town Manager Thomas Hall and the Members of the Town Council.

Dated at Portland, Maine this 23rd day of December, 2015.

/s/ Mark V. Franco
Mark V. Franco, Esq.
Attorney for Defendant Town of
Scarborough and Members of the Town
Council, Individually

**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112
(207) 774-2500
mfranco@thompsonbowie.com

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

I hereby certify that on December 23, 2015, I electronically filed **Defendants Supplemental Motion to Dismiss the Plaintiff's Complaint** with the Clerk of Court using the CM/ECF and I hereby certify that on December 23, 2015, I have mailed by the United States Postal Service, the document(s) to the following non-registered participants:  Michael Doyle, 3 Shady Lane, Falmouth, Maine 04105.

/s/Mark V. Franco, Esq.
Mark V. Franco, Esq.
**THOMPSON & BOWIE, LLP**
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112
(207) 774-2500
mfranco@thompsonbowie.com