UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL DOYLE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:15-cv-00227-JAW |
| | ) | |
| TOWN OF SCARBOROUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION ON MOTIONS TO DISMISS**

In this action, Plaintiff Michael Doyle alleges that the Scarborough Town Council violated his First Amendment right to free speech when the Council demanded that he stop speaking during the public comment period of two town meetings, and threatened to expel him from the meetings if he continued to speak.

The matter is before the Court on Defendants' Motion to Dismiss (ECF No. 16), Defendants' Renewed Motion to Dismiss (ECF No. 24), and Defendants' Supplemental Motion to Dismiss (ECF No. 26).[1] Following a review of the pleadings, and after consideration of the parties' arguments, as explained below, I recommend that the Court grant in part and deny in part the motions.

**BACKGROUND**

The facts set forth herein are derived from Plaintiff's complaint (ECF No. 1), certain amendments thereto (ECF No. 22–1) and filings in opposition to the motions to dismiss (ECF Nos.

---

[1] Defendants filed their initial motion to dismiss in response to Plaintiff's original complaint. In his original complaint, Plaintiff did not identify the individual town council members against whom he intended to assert a claim. The Court subsequently granted Plaintiff's request to supplement his complaint to identify and add to this action as defendants certain members of the town council. (ECF No. 23.) In response, Defendants filed a renewed motion to dismiss, and a request for leave to supplement the motion to dismiss, which request the Court granted.

17, 21), which facts are deemed true when evaluating a motion to dismiss.[2]  *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).  In addition, the Court can consider documents having undisputed authenticity, public records, documents central to Plaintiff's claim, and documents sufficiently referred to in the complaint.  *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).

Plaintiff Michael Doyle is a resident of Falmouth.  (Complaint ¶ 1.)  On at least two occasions, Plaintiff attempted to speak during the public comment portion of Scarborough town council meetings.  (*Id.* ¶ 7.)  According to Plaintiff, on both occasions, "the Council" interrupted his presentation.  (*Id.*)  Plaintiff asserts that he warned the Council that it was violating his rights, and he cites the internet addresses for two YouTube videos on which, he alleges, "[t]his can be seen."  (*Id.* ¶ 14.)  Plaintiff filed as an attachment to his complaint an image of Defendant Town of Scarborough's procedures that govern when a citizen addresses the Council.  (ECF No. 1-1.)

Section 202.3.a of the procedures imposes a "decorum" restriction that reads as follows:

Citizens shall direct their remarks exclusively to the Council Chair unless the Chair allows otherwise.  Citizens will strive to be accurate in their statements and avoid making personal, rude, or provocative remarks.  All statements should respect the dignity and seriousness of the proceeding.  Citizens conduct themselves in a manner expected of all meeting participants.

Section 202.3.b states:

It shall be at the discretion of the Council Chair to ask any persons making inappropriate statements, and/or conducting themselves in a disrespectful manner to cease such action or risk being asked to be seated or removed.

In response to Defendants' motion to dismiss, Plaintiff alleges that he was not disruptive; he maintains that he merely asked about the "emotional abuse" that a former Scarborough police

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

officer experienced before he was "forced out."[3] (Opposition ¶ 1, ECF No. 17.) Plaintiff asserts that Town Manager Tom Hall approached him as if to physically confront him and directed an officer at the meeting to remove Plaintiff from the building. (*Id.*) Plaintiff also contends that he was "gaveled down by Chair Holbrook." (*Id.*)

On another occasion, during the public comment portion of a meeting, Plaintiff asked why a local business person was not investigated for criminal conduct. (*Id.* ¶ 2.) Plaintiff asserts that he was "forced to stop speaking and was shouted down by Councilor St. Clair … based solely on content." (*Id.*)

Plaintiff writes:

> In both of these events the Town of Scarborough, and/or the Town Council, and/or the Police Department, and/or the Town Manager, Thomas Hall, all acting as agents or employees of the Town of Scarborough, deprived Plaintiff of his [c]onstitutional [r]ights. Each of these violations is documented in the YouTube link contained with the Complaint.

Plaintiff also alleges that the entire Council shares responsibility because it failed to intervene on his behalf. (*Id.*; Plaintiff's Sur-reply, ECF No. 21 at 2.)[4]

## DISCUSSION

In their initial motion, Defendants argue that Plaintiff's allegations consist merely of labels and conclusions and are insufficient to state a plausible claim. (Motion to Dismiss at 2, ECF No. 16.) In particular, Defendants contend Plaintiff's allegation that he was "interrupted" does not

---

[3] The Court will consider Defendants' motions based not only on Plaintiff's complaint, but also on Plaintiff's subsequent substantive pleadings. *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003); *see also Dodson v. Reno*, 125 F.3d 841 (1st Cir. 1997) (per curiam) ("[G]iven that [the plaintiff] apparently argued the retaliation claim below in detail and in light of our obligation to construe pro se pleadings liberally, we will treat [the] complaint as amended and address the retaliation claim here.").

[4] In his final pleading, Plaintiff identifies "the Defendants" by name as follows: Jessica Holbrook, Chair; Jean Marie Caterina, Edward Blaise, William Donovan, Shawn Babine, Peter Hayes, Katherine St. Clair. (ECF No. 22–1.) Additionally, Plaintiff states in the related motion to amend (ECF No. 22) that he intends to include as defendants the Scarborough Police Department and Town Manager Thomas Hall.

state a plausible free speech claim. (*Id.* at 4.) Defendants maintain that any restriction of Plaintiff's speech was a constitutionally permitted time, place, and manner restriction designed to prevent the disruption of its meetings. (*Id.* at 4 – 5.) Defendants also argue that Plaintiff cannot prevail on its claim against the Town of Scarborough because he has not alleged facts that would support a finding that the conduct of which he complains was the result of a custom or policy. (*Id.* at 5.)[5]

Based on Plaintiff's assertion in his final motion to amend that he intended to join the town manager and the police department as Defendants, Defendants further argue that Plaintiff's claim against the Scarborough Police Department is more properly asserted against the Town of Scarborough. (Supplemental Motion to Dismiss at 3 – 4, ECF No. 26.) Defendants also contend that Plaintiff's allegations against the town manager (Defendant Hall) are insufficient to constitute the deprivation of a constitutional right. (*Id.* at 6.)

**A.    Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must

---

[5] Based on Plaintiff's further description of his speech in his opposition to the motion, Defendants contend that because Plaintiff's alleged comments were "disruptive and potentially slanderous," Plaintiff has failed to state an actionable claim. (Reply at 5, ECF No. 20.) Defendants also reiterate their contentions that Plaintiff cannot prevail on his claim against the Town based on respondeat superior, that Plaintiff has not alleged facts that could support a claim against the Town based on the existence of a municipal custom or policy (Reply at 2 – 3), that Plaintiff has cited no authority to support a failure to intervene claim (*Id.* at 3 – 4), and that Plaintiff has not alleged any "direct actions" that the individual Defendants committed (*Id.* at 5).

establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim(s) at issue.  *Id.*

**B.     Analysis**

The public comment session of a municipal council meeting is a designated public forum because such sessions are specifically devoted to expressive activity.  *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983) (describing the designated public forum as "public property which the state has opened for use by the public as a place for expressive activity").  "Government restrictions on speech in a 'designated public forum' are subject to the same strict scrutiny as restrictions in a traditional public forum."  *Pleasant Grove City v. Summum*, 555 U.S. 460, 469 – 70 (2009).  "Reasonable time, place, and manner restrictions are allowed, but any restrictions based on the content of the speech must satisfy strict scrutiny, that is, the restriction must be narrowly tailored to serve a compelling government interest, and restrictions based on viewpoint are prohibited."  *Id.* at 469 (citation omitted).  *See also City of Madison, Joint Sch. Dist. No. 8 v. Wisconsin Emp't Relations Comm'n*, 429 U.S. 167, 176 (1976) ("[W]hen the [school] board sits in public meetings to conduct public business and hear the views of citizens, it may not be required to discriminate between speakers on the basis of … the content of their speech."); *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 96 (1972) ("[G]overnment may not grant the use of a forum to people whose views it finds acceptable, but deny use to those wishing to express less favored or more controversial views.  And it may not select which issues are worth discussing or debating in public facilities."); *Surita v. Hyde*, 665 F.3d 860, 869 (7th Cir. 2011) ("There is no doubt that audience time during Waukegan city council meetings constituted a designated public forum.").  The Supreme Court has explained:

> It is rare that a regulation restricting speech because of its content will ever be permissible. Indeed, were we to give the Government the benefit of the doubt when it attempted to restrict speech, we would risk leaving regulations in place that sought to shape our unique personalities or to silence dissenting ideas. When First Amendment compliance is the point to be proved, the risk of nonpersuasion – operative in all trials – must rest with the Government, not with the citizen.

*United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 818 (2000).

### 1. *Plaintiff's alleged claims against Chair Holbrook, Town Manager Hall, and Councilor St. Clair.*

Plaintiff has alleged that he was threatened with removal from the meeting and prevented from speaking based on the content of his speech. More particularly, Plaintiff asserts that Defendants Holbrook and Hall took action to prevent him from speaking when he asked about abuse to which a former employee was subjected, and that Defendant St. Clair forced him to stop speaking when he inquired about a possible criminal matter. While Defendants might be able to demonstrate that any restrictions placed on Plaintiff's speech were lawful, at this stage of the proceedings, the Court's assessment of Plaintiff's claims is governed by Plaintiff's allegations. Because Plaintiff has alleged that Defendants Holbrook, Hall, and St. Clair restricted his speech based on the content of the speech, Plaintiff has stated an actionable claim against them.

### 2. *Plaintiff's alleged claim against the Town of Scarborough.*

Plaintiff seeks to impose liability upon the Town of Scarborough based upon its policies and under a respondeat superior theory. (Complaint, ¶¶ 7, 13.) A municipality is not liable for constitutional violations committed by its employees under the doctrine of respondeat superior. *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff, therefore, cannot prevail on his claim against the Town of Scarborough based on respondeat superior. The issue is whether Plaintiff has alleged a cause of action based upon a town policy.

"[A] local government is liable under § 1983 for its policies that cause constitutional torts." *McMillian v. Monroe Cty.*, 520 U.S. 781, 784 (1997). A town's policies "may be set … 'by those whose edicts or acts may fairly be said to represent official policy.'" *Id.* (quoting *Monell*, 436 U.S. at 694). "A court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *Id.* at 784 – 85 (quoting *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989)). However, "[t]he fact that a particular official—even a policymaking official—has discretion in the exercise of a particular function does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 – 82 (1986) (Brennan, J., plurality opinion). *See also City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) ("When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinates departures from them, are the act of the municipality.") (O'Connor, J., plurality opinion).

In support of his claim against the Town, Plaintiff alleges that the Town's "public forum rules (Exhibit A attached) fail to meet [the constitutional] requirements." (Complaint ¶ 7.) The attachment to which he refers consists of the Town's procedures for addressing the Town Council. Plaintiff thus alleges that the Town's procedures restrict an individual's ability to address the council based on the viewpoint expressed or the content. Contrary to Plaintiff's allegation, the policy to which he refers does not authorize content–based restriction on an individual's ability to address the Council. To the extent, therefore, Plaintiff asserts a challenge to the Town's written policy, Plaintiff's claim fails.

Plaintiff, however, "can establish the existence of an official policy by showing that the alleged constitutional injury was caused by a formal decision of a municipal legislative body or by a person with final policy making authority." *Welch*, 542 F.3d at 941 – 42 (citations omitted). "Even in the absence of a positive decision by the municipality or its policymakers, a municipality may be liable under § 1983 where a custom or practice is so 'well-settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice.'" *Bisbal-Ramos v. City of Mayaguez*, 467 F.3d 16, 23 – 24 (1st Cir. 2006) (citing *Silva v. Worden*, 130 F.3d 26, 26 (1st Cir. 1997), quoting *Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989)).

Here, Plaintiff has alleged two separate instances before the Town Council in which town officials prevented him from speaking based on the content of his speech. Insofar as Plaintiff has alleged that on more than one occasion, during the public comment portion of a council meeting, either certain council members, including the council chairperson, or the town manager, without objection from other councilors, interrupted his speech or prevented him from speaking based on the content of his speech, Plaintiff has alleged facts sufficient to state a claim that the individuals acted in accordance with a custom or practice of the Town Council, the Town's policymaker.[6] Plaintiff thus has alleged a cause of action against the Town.

### 3.     *Plaintiff's alleged claims against the other councilors.*

Plaintiff's claim against the councilors other that Defendants Holbrook and St. Clair is based exclusively on their alleged failure to intervene on Plaintiff's behalf during the meetings.

---

[6] I recognize that Plaintiff has not explicitly alleged that by inaction, the Town Council adopted the policy. However, a court does not require pro se pleadings to satisfy the same standards as pleadings drafted by lawyers. *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). Assuming the truth of Plaintiff's allegations that the conduct occurred on more than one occasion, and that other councilors failed to intervene on his behalf, as a court must when evaluating a motion to dismiss, Plaintiff's filings can reasonably be construed to assert that the Town's custom or practice permitted content-based restriction on speech.

"It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)). In this case, Plaintiff has failed to allege that the councilors other than Defendants Holbrook and St. Clair took any direct action to restrict his speech. Accordingly, Plaintiff has failed to state a claim against Defendants Babine, Blaise, Caterina, Donovan, and Hayes.[7]

### 4. *The Scarborough Police Department is not a proper defendant.*

The Scarborough Police Department is an agency of the Town of Scarborough and its officers are municipal employees. 30-A M.R.S. § 2671. Because the Department is merely an agency of the Town, it is not a person for purposes of 42 U.S.C. § 1983, the federal civil rights statute upon which Plaintiff's civil rights action depends. *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). Plaintiff thus fails to state a claim against the Department.

### CONCLUSION

Based on the foregoing analysis, I recommend that the Court grant in part and deny in part Defendants' Motion to Dismiss (ECF No. 16), Defendants' Renewed Motion to Dismiss (ECF No. 24), and Defendants' Supplemental Motion to Dismiss (ECF No. 26). In particular, I recommend

---

[7] Defendants cite authority to support their contention that an individual councilor is not liable for failing to prevent unlawful conduct by another councilor unless there is a positive legal duty to intervene. (ECF No. 26 at 6, citing *Musso v. Hourigan*, 836 F.2d 736 (2d Cir. 1988), and *Doe v. New York City Dep't of Soc. Serv.*, 649 F.2d 134 (1981).) The *Musso* opinion supports a finding that the inactive councilors are entitled to judgment, minimally, based on the qualified immunity doctrine. 836 F.2d at 743 – 44 (citing *Rizzo v. Goode*, 423 U.S. 362, 377 (1976) (distinguishing between school authorities "who were found by their own conduct in the administration of the school system to have denied [petitioners'] rights" and those who did not affirmatively act to petitioners' detriment)). In particular, nothing in the facts alleged or the law cited by Plaintiff suggests that an individual councilor has supervisory authority over a fellow councilor or a town manager.

that the Court grant the motions as to and dismiss the claims against the Scarborough Police Department and Defendants Babine, Blaise, Caterina, Donovan, and Hayes.  I also recommend that the Court dismiss Plaintiff's claims against the Town of Scarborough based on Plaintiff's facial challenge to the Town's written policy regarding the public's ability to address the Town Council and based on the doctrine of respondeat superior.  I recommend that the Court otherwise deny Defendants' motions. [8]

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of February, 2016.

---

[8] The Court's docket reflects that "Scarborough Town Council Members" is identified as a separate defendant.  To the extent that Plaintiff has attempted to assert a claim against the Town Council members as a distinct entity, I recommend that the Court dismiss the entity as a party.  If the Court adopts the entire recommendation set forth herein, Plaintiff's claims against Defendants Hall, St. Clair and Holbrook would proceed, and Plaintiff's claim against the Town would proceed solely on the theory that said individual Defendants acted in accordance with the Town's custom or practice.  All other claims would be dismissed.