UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00227-JAW |
| | ) | |
| TOWN OF SCARBOROUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

Michael Doyle, a resident of Falmouth, claims that his First Amendment rights were violated when the Scarborough Town Council demanded that he stop speaking during the public comment period of two town meetings, and threatened to remove him from the meetings if he continued to speak.

Before the Court are Defendants' Motion to Dismiss (ECF No. 16), Renewed Motion to Dismiss (ECF No. 24), and Supplemental Motion to Dismiss (ECF No. 26). The United States Magistrate Judge filed with the Court on February 23, 2016 his Recommended Decision on the Motions to Dismiss (ECF No. 27).  The Plaintiff filed his objection to the Recommended Decision on March 2, 2016 (ECF No. 29) and a memorandum in support of his objection on March 7, 2016 (ECF No. 31).  On March 23, 2016, Defendants filed their response to the objection (ECF No. 34).

Mr. Doyle objects to the Recommended Decision on two grounds.  First, Mr. Doyle argues that if the Town of Scarborough remains as a defendant, then the Town

Council should also remain as a defendant because it adopted and misapplied the rules for addressing the Council in violation of his free speech rights.  However, this Court agrees with the Magistrate Judge that any claims against the Town Council as a distinct entity should be dismissed.  To the extent that Mr. Doyle alleges that there is a custom or practice of violating his First Amendment rights through a content-based application of the forum rules, the Town of Scarborough, and not the Town Council, is the proper defendant under 42 U.S.C. § 1983.  *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978) (A local government is responsible under section 1983 "when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"); *Silva v. Worden*, 130 F.3d 26, 31 (1st Cir. 1997) (A municipality may be liable where a custom or practice is so "well-settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice"); *see also Cronin v. Town of Amesbury*, 895 F. Supp. 375, 383 (D. Mass. 1995), *aff'd*, 81 F.3d 257 (1st Cir. 1996) (citing *Tucker v. City of Montgomery*, 410 F. Supp. 494, 511 (M.D. Ala. 1976) (city council is not a person for section 1983 purposes)).

Additionally, Mr. Doyle argues that all of the councilmembers should be liable because they failed to mitigate the violations of his First Amendment rights by not objecting to certain members' allegedly illegal conduct.  However, as the Magistrate Judge explains, the liability of individuals under § 1983 "must be gauged in terms of

their own actions." *Recommended Decision on Motions to Dismiss* at 9 (ECF No. 27) (*Rec. Dec.*) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)); *Welch v. Ciampa*, 542 F.3d 927, 936 (1st Cir. 2008) (same); *Vélez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006) ("It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'") (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)).

Although the First Circuit has recognized that an individual may be liable in certain limited circumstances for a failure to intervene and stop potential civil rights violations by other individuals, those circumstances are not present here. For example, the First Circuit has imposed liability on individuals under § 1983 based on a failure to intervene theory in the context of excessive force claims against police officers and mental hospital staff.  *See e.g.*, *Torres-Rivera v. O'Neill-Cancel*, 406 F.3d 43, 52 (1st Cir. 2005) ("[A]n officer who is present at the scene and fails to take reasonable steps to protect the victim of another officer's excessive force can be held liable under section 1983 for his nonfeasance") (citing *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1990)); *Davis v. Rennie*, 264 F.3d 86, 114 (1st Cir. 2001) (holding that a nurse at the state mental hospital had a duty to intervene and stop her supervisee's use of excessive force).  The First Circuit reasoned that because police officers and the staff at a state mental hospital have a legal, affirmative duty to protect individuals in their custody, they may be liable for nonfeasance when they do not intervene to stop the use of excessive force by a fellow officer or supervisee.  *Davis*, 264 F.3d at 114.

This same rationale does not apply to Mr. Doyle's First Amendment claims. He is not in the custody of the Town Council, nor do the Town Councilmembers have a legal, affirmative duty to act to protect Mr. Doyle. Additionally, as the Magistrate Judge explained, nothing in the facts alleged or the law cited by Mr. Doyle suggests that an individual councilmember has supervisory authority over a fellow member or over a town manager. *Rec. Dec.* at 9 n.7. Thus, Defendants Babine, Blaise, Caterina, Donovan, and Hayes may not be held liable for their failure to object when Defendants Holbrook, St. Clair, and Hall allegedly violated Mr. Doyle's First Amendment rights.

Having performed a de novo determination of all matters adjudicated by the Magistrate Judge, the Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and for the additional reasons set forth herein.

Over the objection of the Plaintiff, the Court ORDERS that the Recommended Decision on Motions to Dismiss (ECF No. 27) is hereby AFFIRMED. The Court hereby GRANTS IN PART and DENIES IN PART the Defendants' Motion to Dismiss (ECF No. 16), Renewed Motion to Dismiss (ECF No. 24), and Supplemental Motion to Dismiss (ECF No. 26). Specifically, the Court GRANTS the motions to dismiss the claims against the Scarborough Police Department and Defendants Babine, Blaise, Caterina, Donovan, and Hayes. The Court also GRANTS the motions to dismiss the claims against the Town of Scarborough based on Mr. Doyle's facial challenge to the Town's written policy and based on the doctrine of respondeat superior. The Court

DENIES the motions to dismiss the claims against Defendants Holbrook, St. Clair, and Hall. The Court also DENIES the motions to dismiss the claims against the Town of Scarborough based on Mr. Doyle's allegation of a custom or practice of violating the Plaintiff's rights.

    SO ORDERED.

                                /s/ John A. Woodcock, Jr.
                                JOHN A. WOODCOCK, JR.
                                UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2016