UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00227-JAW |
| | ) | |
| TOWN OF SCARBOROUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO SHOW CAUSE**

On February 24, 2016, the Defendants filed a motion to show cause and a motion for oral argument or hearing. *Defs.' Mot. for Show Cause Hr'g and Order* (ECF No. 28) (*Defs.' Mot.*). Mr. Doyle responded to the Defendants' motion on March 4, 2016. *Obj. to Defs.' Mot. for Show Cause Hr'g and Order* (ECF No. 30) (*Pl.'s Opp'n*).

The gist of the motion is that the Defendants contend that Mr. Doyle submitted a false affidavit when he filed an Application to Proceed in District Court without Prepaying Fees or Costs on June 12, 2015. *Defs.' Mot.* Mr. Doyle's application, signed as true under penalty of perjury, resulted in an order dated June 15, 2015 from the Magistrate Judge granting Mr. Doyle's motion for leave to proceed in forma pauperis. *Appl. to Proceed in District Ct. Without Prepaying Fees or Costs* (ECF No. 4) (*Appl.*); *Order Granting Mot. for Leave to Proceed In Forma Pauperis* (ECF No. 5). The Defendants point to an order issued by Justice Joyce Wheeler of the Superior Court for the state of Maine on February 24, 2015 in which she concluded that Mr. Doyle had filed a false affidavit in state court, that he had the ability to pay all his court

fees, and that he should not be granted any waivers. *Defs.' Mot.* ¶ 7 (quoting *id.* Attach. 5 *Order on Mot. to Show Cause* at 2, *Doyle v. Town of Scarborough*, No. CV-14-149 (Me. Super. Ct. Feb. 27, 2015) (*Order*)).

A comparison of the contents of Justice Wheeler's February 27, 2015 Order and Mr. Doyle's June 12, 2015 application reveals significant differences. First, Mr. Doyle's June 12, 2015 application is about three and a half months later than Justice Wheeler's February 27, 2015 Order and there is no indication whether and how Mr. Doyle's financial circumstances changed from February to June, 2015. *Compare Order* at 3, *with Appl.* at 2. Second, Justice Wheeler was concerned about Mr. Doyle's failure to bring to court any documents related to his income and expenses at the February 24, 2015 hearing and Mr. Doyle was not required to produce documents when he filed the June 12, 2015 application. *Compare Order* at 1-2, *with Appl.* at 1-2. Third, Justice Wheeler commented on Mr. Doyle's failure to adequately depict his expenses, including his absence of living expenses due to contributions by his mother, but Mr. Doyle answered that the living expenses question was not applicable to him in his June 12, 2015 application. *Compare Order* at 2, *with Appl.* at 2.

At the same time, in his June 12, 2015 application, Mr. Doyle represented that his only income over the past twelve months was social security. *Appl.* at 1. In her Order, Justice Wheeler found that Mr. Doyle had worked at Uber and had received income from his website. *Order* at 2. If the twelve month period preceding June 12, 2015 included Mr. Doyle's work for Uber and his receipt of website money, this should have been revealed on his application in this Court. It was not. In his response, Mr.

Doyle fails to address the Defendants' major contention that his application falsely represented his financial state as of June 2015. *Pl.'s Opp'n* at 1.

To make certain that Mr. Doyle has not misrepresented his financial situation leading to the granting of his in forma pauperis state and to give Mr. Doyle the opportunity to clarify his financial status, the Court GRANTS in part and DISMISSES in part the Defendants' motion (ECF No. 28). The Court ORDERS the Plaintiff to file within thirty days of the date of this Order a second Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240) with an updated affidavit setting forth the dates that he worked for Uber, the month by month income he received from Uber from June 12, 2014 to date, the month by month income he received from his website from June 12, 2014 to date, and any other financial information Mr. Doyle deems relevant to the issue of his financial status and his entitlement to in forma pauperis status. The Court DISMISSES without prejudice the remainder of the Defendants' Motion to Show Cause pending receipt of this additional information. Depending on the additional information in the newly-filed application, the Defendants may reinstitute the motion, if appropriate.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2016