UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| MICHAEL DOYLE, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 2:15-cv-00227-JAW |
| TOWN OF SCARBOROUGH, et al., | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S SUPPLEMENTAL
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
AND DEFENDANTS' REQUEST FOR DISMISSAL**

The matter is before the Court on Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 54), which motion Plaintiff filed in response to the Court's September 14, 2016, Order Granting in Part and Dismissing Without Prejudice in Part Defendants' Motion to Show Cause and Motion for Oral Argument or Hearing. (ECF No. 37.) Defendants object to the application, and ask the Court to dismiss the case with prejudice. (ECF No. 56.)

Following a review of the parties' submissions, I recommend the Court vacate the Court's prior order granting Plaintiff leave to proceed in forma pauperis, and dismiss Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**Background**

On June 12, 2015, Plaintiff filed a complaint and a motion for leave to proceed in forma pauperis. On the form motion, when asked to disclose his gross "pay or wages," Plaintiff reported monthly social security income of $1,113, but no other gross "pay or wages." When asked on the form to disclose any other income received in the past 12 months from, inter alia, self-employment,

gifts, or other sources, Plaintiff stated he had no such income. (ECF No. 4.) Plaintiff also denied owning a car, having any housing payments, having any loan payments or other monthly expenses. (*Id.*) Based on Plaintiff's sworn application, the Court granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 4.)

In a motion requesting an order to show cause, Defendants challenged the accuracy of the information contained in Plaintiff's application. (ECF No. 28.) Based on information revealed during a state court proceeding in which Plaintiff and Defendant Town of Scarborough were involved, Defendants argued that Plaintiff's application did not include all of the information relevant to Plaintiff's financial status, including information regarding Plaintiff's work as an Uber driver. (See, generally, exhibits to Defendants' motion for order to show cause, ECF No. 28.) Defendants also reported that following a hearing regarding Plaintiff's entitlement to a fee waiver in the state court proceeding, on February 27, 2015, approximately 4 months prior to the commencement of this action, the Maine Superior Court determined Plaintiff had failed to disclose relevant information on his application to that Court for leave to proceed in forma pauperis. (Order at 2, ECF No. 28-5.)

After a review of Defendants' motion and Plaintiff's response, "[t]o make certain [Plaintiff] has not misrepresented his financial situation leading to the granting of his in forma pauperis state and to give [Plaintiff] the opportunity to clarify his financial status," the Court ordered Plaintiff to file "a second Application to Proceed in District Court Without Paying Fees or Costs (Form AO 240) with an updated affidavit setting forth the dates he worked for Uber, the month by month income he received from Uber from June 12, 2014 to date, and any other financial information Mr. Doyle deems relevant to the issue of his financial status and his entitlement to in forma pauperis status." (Order at 3, ECF No. 37.)

In response to the Court's order, Plaintiff filed a pleading entitled, "Confidential Financial Information from Plaintiff Pursuant to Court Order Dated September 14, 2016." (ECF No. 44.) Plaintiff also filed a new motion for leave to proceed in forma pauperis. (Motion for Leave to Proceed, ECF No. 54.) In their opposition to Plaintiff's motion, Defendants urge the Court to deny Plaintiff's request to proceed in forma pauperis, and ask the Court to dismiss Plaintiff's complaint with prejudice as a sanction for the misrepresentations on his application. (Opposition at 6, ECF No. 56.)

**Discussion**

Pursuant to 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement ... of any suit [or] action ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." "[A] non-prisoner litigant may qualify for IFP status after submitting an affidavit listing all assets and anticipated expenses and substantiating his inability to pay." *Emrit v. Bank of Am., Inc.*, 566 F. App'x 265 (4th Cir. 2014) (per curiam).

Plaintiff's renewed motion and related filings contain the following information regarding his 2015 financial status, which information was not included in his original filing: (1) Plaintiff earned gross income of $55,634.83 from transporting passengers through the Uber referral system;[1] (2) Plaintiff financed the purchase of a 2015 Honda Crosstour and has a monthly payment

---

[1] Based on Plaintiff's report of income of $2,394 for 2015 (ECF No. 54) on his application, and based on his report that the $2,394 was net income based on a gross income from Uber of $55,634.83 (ECF No. 55, ¶ 3), the record establishes that Plaintiff reported earned gross income of $55,634.83 for 2015. The record also establishes Plaintiff earned income through Uber before he filed the original application. The state court order (ECF No. 28-5) suggests Plaintiff was employed through Uber at least as of February 2015, and Plaintiff does not assert he earned all of the Uber income after the filing of the original application on June 12, 2015.

of $628; (3) Plaintiff claims net revenue of $2,394 from self-employment through Uber;[2] and (4) Plaintiff claims that he has monthly housing costs of $1,097.22.[3] (ECF No. 55.)

Plaintiff's renewed application and related filings thus include significantly more material information regarding his financial status than his original filing, despite specific questions on the form used for the original filing that required Plaintiff to provide the additional information. For example, Plaintiff now reports a substantially higher gross income (i.e., the Uber income plus the social security income) than the income originally reported (i.e., the social security income). Regardless of Plaintiff's arguments regarding his net income, Plaintiff clearly did not provide accurate information when he filed the original application, and he materially understated the income earned and available to him.[4]

The in forma pauperis statute specifically provides that "the court *shall* dismiss the case at any time if the court determines that … the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (emphasis supplied). Under the plain language of the statute, dismissal is mandatory.[5] *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002)

---

[2] Plaintiff maintains the "money earned by the Uber system is spent on deductible expenses such as gasoline, tires, oil changes, registration, insurance, food while driving, car payments ($628 per Month), and the biggest expense depreciation." (ECF No. 55, ¶ 2.) Plaintiff reports the "net after deductible expenses was $2,394." (Id.) Plaintiff, however, did not provide an itemized list of the expenses.

[3] Plaintiff's submission did not comply with the Court's directive to include "an updated affidavit setting forth the dates that he worked for Uber, the month by month income he received from Uber from June 12, 2014 to date, [and] the month by month income he received from his website from June 12, 2014 to date." (ECF No. 37.)

[4] Even if Plaintiff had verified his expenses, depreciation, which Plaintiff asserts was his "biggest expense" (ECF No. 55, ¶ 2), is not an out-of-pocket expense that would have reduced the amount of money available to Plaintiff.

[5] For some individuals, the payment of a court filing fee would present an insurmountable challenge to their ability to access the justice system. Congress, therefore, enacted 28 U.S.C. § 1915(a)(1) to ensure access to justice for all citizens, regardless of financial ability. If a person misrepresents his or her financial status with impunity, the integrity of the process can legitimately be questioned. The mandatory dismissal required by title 28 U.S.C. § 1915(e)(2)(A) underscores that fact.

("Because the allegation of poverty was false, the suit had to be dismissed, the judge had no choice.") The question is whether the dismissal should be with prejudice as Defendants request.[6]

Dismissal with prejudice is the most severe sanction and is therefore reserved for the most extreme misconduct. *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 81 (1st Cir. 2009). As explained in *Esposito*:

> Dismissal as a sanction is reserved for cases of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstances. Concerns of fairness underlie this heightened standard, since the law favors disposition on the merits, and the non-compliant party should be given notice and an opportunity to be heard. Further, where the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits.

*Id.* (internal quotation marks and citations omitted).

As a general rule, a "less severe sanction[] that preserve[s] the possibility of disposition on the merits" is appropriate. *Id. See also In re Rodriguez Gonzalez*, 396 B.R. 790, 798 (B.A.P. 1st Cir. 2008) ("Generally, trial courts should employ dismissal under Rule 41(b) only after determining that none of the lesser available sanctions would be appropriate."). A dismissal without prejudice is not insignificant. For instance, if after a dismissal without prejudice, Plaintiff decides to refile the claim, the prior dismissal could have consequences should Plaintiff seek to dismiss the subsequent action, or should the Court, on a motion, dismiss the action. *See*, *e.g.*, *Conway v. Butler*, No. 3:13-CV-01093, 2013 WL 6096847, at *2, 2013 U.S. Dist. LEXIS 165269, at *4 – 5 (S.D. Ill. Nov. 20, 2013) (second dismissal for violation of § 1915 was with prejudice). *See also* Fed. R. Civ. P. 41(a)(1)(B). Additionally, upon dismissal of the case without prejudice pursuant to § 1915(e)(2), the Court could require Plaintiff to pay the filing fee he did not pay in

---

[6] The declaration in the application states: "I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims." (ECF No. 54.) Plaintiff, therefore, was on notice that providing false information in the application could result in dismissal.

5

the dismissed action. *Galka v. Cooper*, No. 4:11-CV-13089, 2013 WL 1499576, at *4–5, 2013 U.S. Dist. LEXIS 51312, at *14 (E.D. Mich. Apr. 10, 2013).[7]

After consideration of all of the circumstances of this case, I am convinced a dismissal without prejudice would appropriately address Plaintiff's conduct, and would be consistent with the law's preference to decide cases on their merits.

## Conclusion

Based on the foregoing analysis, I recommend the Court:

1. Vacate the Court's prior order granting Plaintiff leave to proceed in forma pauperis (ECF No. 5);

2. In accordance with 28 U.S.C. § 1915(e)(2)(A), dismiss Plaintiff's complaint without prejudice;

3. Dismiss as moot Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 54); and

4. In the event Plaintiff refiles the claim asserted in this action, issue a show cause order that requires Plaintiff to show cause as to why he should not be required to pay the filing fee in this action as a condition to his ability to proceed in the refiled action.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[7] In *Galka*, the court cited a number of cases in which other courts imposed sanctions for a plaintiff's misrepresentations in connection with an in forma pauperis application, and required plaintiff to pay the filing fee of an action the court dismissed with prejudice.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of January, 2017.